Attn: US Marshal

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

V.

JEFFREY SCOTT ARTELLO
a/k/a Fat Man
a/k/a Tattoo

JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT

Case Number CRIMINAL NO. 04-36 ERIE

Thomas W. Patton, Federal Public Defender
Defendant's Attorney

THE DEFENDANT:
  X    pleaded guilty to count(s) 1 and 5 .
_____  was found guilty on count(s) _ after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title and Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. Section 846 & 841(a)(1) & 841(b)(1)(B)(viii) | Conspiracy to Distribute & Possess w/ intent to Distribute more than 100 Kilograms of Mixture & Substance Containing a Detectable Amount of Marijuana and 100 or More Marijuana Plants | May 1998 | One (1) |
| 18 U.S.C. Section 922(g)(1) | Possession of a Firearm by a Convicted Felon | August 2003 | Five (5) |

FILED AUG 10 2005 CLERK, U.S. DISTRICT COURT DIST. OF PENNSYLV.

   The defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

_____  The defendant has been found not guilty on count(s) _ and is discharged as to such count(s).
_____  Count(s) _ (is) (are) dismissed on the motion of the United States.
_____  The mandatory special assessment is included in the portion of this Judgment that imposes a fine.
  X    It is ordered that the defendant shall pay to the United States a special assessment of $200.00 , which shall be due immediately.

   It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

20209-068
Defendant's USM No.

June 16, 2005
Date of Imposition of Sentence

_____
Signature of Judicial Officer
U.S. District Judge

CERTIFIED FROM THE RECORD
Date  10-22-05
ROBERT V. BARTH, JR., CLERK

Nicole _____
Deputy Clerk

6/20/05
Date

Defendant: Jeffrey Scott Artello                    Judgment--Page 2 of 7
Case Number: CR 04-36 Erie

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 90 Months at each of Counts 1 and 5, to be served concurrently.

___ The Court makes the following recommendations to the Bureau of Prisons:

_X_ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district,

   ___ at ___ on ___.

   ___ as notified by the Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

   ___ before 2 p.m. on ___.
   ___ as notified by the United States Marshal.
   ___ as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

Defendant ~~delivered~~ v/s on __7-28-05__ to __WARDEN__
at __FCI LOR__

with a certified copy of this Judgment.

BOP
~~United States Marshal~~
By __RbCaulk__
~~Deputy Marshal~~

Defendant: Jeffrey Scott Artello  
Case Number: CR 04-36 Erie  
Judgment–Page 3 of 7

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 4 years. This term consists of terms of 4 years on Count 1 and 3 years on Count 5, all such terms to run concurrently.

While on supervised release, the defendant shall not commit another Federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

X    The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

___    The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

X    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer.

___    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

___    The defendant shall participate in an approved program for domestic violence.

___    Additional conditions

For offenses committed on or after September 13, 1994:

X    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

___    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

Defendant: Jeffrey Scott Artello                                    Judgment–Page 4 of 7
Case Number: CR 04-36 Erie

# STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) the defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history of characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**These conditions are in addition to any other conditions imposed by this Judgment.**

Defendant: Jeffrey Scott Artello                          Judgment–Page 5 of 7
Case Number: CR 04-36 Erie

## FINE WITH SPECIAL ASSESSMENT

The defendant shall pay to the United States the sum of $200.00, consisting of a fine of $0.00 and a special assessment of $200.00.

_____   These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

This sum shall be paid:

   X   immediately.
   \_\_   as follows:

The defendant shall pay interest on any fine more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f) and may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

X_____   The Court has determined that the defendant does not have the ability to pay interest.
It is ordered that: The Court will waive the fine in this case

   \_\_   The interest requirement is waived.

   \_\_   The interest requirement is modified as follows:

This fine plus any interest required shall be paid:

_____   in full immediately.
_____   in full no later than \_
_____   in equal monthly installments over a period of \_ months. The first payment is due on the date of this judgment. Subsequent payments are due monthly thereafter.
_____   in installments according to the following schedule of payments: